UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

UNITED STATES OF AMERICA

                    Plaintiff,

                                              **DEFENDANT'S FIRST SET OF**
                                              **INTERROGATORIES AND**
                                              **FIRST REQUEST FOR**
                                              **PRODUCTION OF**
                                              **DOCUMENTS TO PLAINTIFF**

          - against -

                                              **Case No. 10 CV 0624**

ALL FUNDS PREVIOUSLY SEIZED IN PLACE
IN THE FOLLOWING ACCOUNTS:

BANK OF AMERICA A/C 009476825850,
IN THE NAME OF AGAPE WORLD OPERATING;

BANK OF AMERICA A/C 483006516924
IN THE NAME OF AGAPE MERCHANT MAIN;

UBS RF 39456, IN THE NAME OF NICHOLAS
COSMO COLLEGE FUND;

UBS RF 39472, IN THE NAME OF N. COSMO,
LISA LEE, JTWROS;

UBS RF 12759, IN THE NAME OF N. COSMO,
LISA LEE, JTWROS;

UBS RF 20072, IN THE NAME OF N. COSMO,
LISA LEE, JTWROS;

ASTORIA FEDERAL SAVINGS A/C 8223617818,
IN THE NAME OF LISA D. LEE;

CITIBANK A/C 9935076116, IN THE NAME OF
NICHOLAS COSMO/AGAPE WORLD;

BANK OF AMERICA A/C 004834638204, IN
THE NAME OF CYREK, INC.;

BANK OF AMERICA A/C 009485484461, IN
THE NAME OF JASON KERYC;

CITI SMITH, BARNEY A/C 73C62240-14, IN
THE NAME OF JASON KERYC;

BANK OF AMERICA A/C 004835404042, IN
THE NAME OF CURRAN CONSULTING;

TD BANK A/C 7922621466, IN THE NAME OF
ROALDSEN JR. CONSULTING;

CITIBANK A/C 188430268, IN THE NAME OF
MICHAEL KERYC;

CAPITAL ONE A/C 6214001536, IN THE NAME
OF OCEAN TO BAY TOURS;

JP MORGAN CHASE A/C 6902912418, IN THE
NAME OF MICHAEL DUNNE;2

JP MORGAN CHASE A/C 765233010, IN THE
NAME OF ARCTIC WOLF;

BANK OF AMERICA A/C 483008431816, IN THE
NAME OF LEGASEA, INC.;

USAA FEDERAL SAVINGS A/C 13040480 AND
A/C 13040499, IN THE NAME OF RYAN DUNASKE;

JP MORGAN CHASE A/C 091-1737562-65, IN
THE NAME OF ANTHONY CICCONE ENTRERPRISES;

JP MORGAN CHASE A/C 907-6345477-01, IN
THE NAME OF ANTHONY CICCONE ENTERPRISES;

FIDELITY BROKERAGE SERVICES A/C PCB-046906,
IN THE NAME OF ANTHONY CICCONE;

FIDELITY BROKERAGE SERVICES A/C PCB-049239,
IN THE NAME OF ANTHONY CICCONE;

FIDELITY BROKERAGE SERVICES A/C PCB-049557,
IN THE NAME OF ANTHONY CICCONE;

THE HARTFORD LIFE INSURANCE, A/C 712731062,
IN THE NAME OF ANTHONY CICCONE;

JACKSON NATIONAL LIFE, A/C 029045182A AND
A/C 029046783A, IN THE NAME OF ANTHONY
CICCONE;

THE GUARDIAN LIFE INSURANCE COMPANY OF
AMERICA A/C 5427331 IN THE NAME OF ANTHONY
CICCONE;

PARK AVENUE SECURITIES AND SEI INVESTMENTS
A/C 5427332 IN THE NAME OF ANTHONY CICCONE;

PARK AVENUE SECURITIES AND SEI INVESTMENTS
A/C 210249774, IN THE NAME OF ANTHONY CICCONE;

BANK OF AMERICA ACCOUNT A/C 483014263049
IN THE NAME OF MSNK, INC.;

BANK OF AMERICA A/C 483014262781 IN THE
NAME OF MISKRIS, INC.;

BANK OF AMERICA A/C 009511857840 IN THE
NAME OF SALVATORE CICCONE OR MAUREEN CICCONE;

PARK AVENUE SECURITIES AND SEC INVESTMENTS
A/C 390047 IN THE NAME OF MAUREEN CICCONE;

TD BANK A/C 7920502056, IN THE NAME OF
NIKKI TRICARICO, INC.;

TD BANK A/C 7916018869, IN THE NAME OF
ANTHONY MASSARO OR NIKKI MASSARO;

TD BANK A/C 7924538783, IN THE NAME OF
NIKKI MASSARO AND ANTHONY MASSARO;

BANK OF AMERICA, A/C 483002667152, IN THE
NAME OF ANTHONY MASSARO;

UBS FINANCIAL SERVICES A/C RF 21156, IN
THE NAME OF ANTHONY MASSARO AND NIKKI
MASSARO, JTWROS;

UBS FINANCIAL SERVICES A/C RF 27164,
IN THE NAME OF ANTHONY MASSARO AND NIKKI
MASSARO, JTWROS;

BANK OF AMERICA A/C 483000998425, IN
THE NAME OF HUGO ARIAS;

BANK OF AMERICA A/C 004830562604, IN
THE NAME OF HUGO ARIAS, INC.;
PARK AVENUE SECURITIES SEI A/C 210246494
IN THE NAME OF HUGO A. ARIAS;

GUARDIAN LIFE INSURANCE COMPANY OF AMERICA
A/C 673699730 IN THE NAME OF HUGO A. ARIAS
& ISBEL GONZALEZ JTWRS;

FIDELITY BROKERAGE SERVICES A/C PCB
014443 IN THE NAME OF HUGO ARIAS;

FIDELITY BROKERAGE SERVICES A/C PCB
015911 IN THE NAME OF HUGO ARIAS; AND
BANK OF AMERICA A/C 0048 36455647, IN
THE NAME OF GET IT OFF RECORDS,

                    Defendants In Rem.
------------------------------------------------------------------------------x

        **PLEASE TAKE NOTICE** Pursuant to Rule 26, 33 and 34 of the Federal Rules of Civil

Procedure, Defendants Anthony Massaro, Nikki Massaro and Nikki Tricarico Inc., TD Bank a/c

7916018869, TD Bank a/c 7924538783, UBS Financial Services a/c/ rf 21156, UBS Financial

Services a/c rf 27164, (collectively referred to as "Defendants"), by and through their

undersigned attorneys, Tacopina Seigel & Turano, P.C., hereby demand that Plaintiff answer the

following Interrogatories and respond to the Request for the Production of Documents

("Requests") fully, in writing and under oath, within thirty (30) days after the service thereof.

All documents responsive to the Requests are to be produced for inspection and copying at the

offices of counsel for Defendants, Tacopina Seigel & Turano, P.C., 275 Madison Avenue, 35th

Floor, New York, New York 10016, within the time period above stated. Plaintiff must produce

all the documents as they are kept in the usual course and shall organize and label them to

correspond with the categories herein stated.

4

## DEFINITIONS

As used herein, the following terms shall have the following meanings:

1)    The definitions and rules of construction set forth in Local Civil Rule 26.3 are incorporated by reference as if fully set forth herein, in addition to the following definitions:

2)    As used herein, "Complaint" means the complaint filed in this action in the United States District Court, Eastern District of New York, on behalf of Plaintiffs bearing Civ. No. 10 CV 0624.

3)    As used herein, "Government" means Plaintiff United States of America and their present and/or former representatives or agents and all other persons acting on their behalf and means of Plaintiff.

4)    As used herein, "Defendants" mean Anthony Massaro, Nikki Massaro, Nikki Tricarico Inc., TD Bank a/c 7916018869, TD Bank a/c 7924538783, UBS Financial Services a/c/ rf 21156, UBS Financial Services a/c rf 27164.

5)    As used herein, the term "document" means, without limitation, the following items which are in the possession, custody or control of Plaintiffs, their agents, representatives and/or attorneys, whether printed or recorded or reproduced by any other mechanical or electronic process, or written or produced by hand: agreements, communications, reports, memo book entries, state and federal governmental hearings and reports, correspondence, telegrams, electronic mail, memoranda, summaries or records of telephone conversation, summaries or records of personal conversation or interviews, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigation or negotiation, opinions or reports of consultants, photographs, motion picture film, video, audio recording, brochures,

pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

6) As used herein, the term "communication" means, without limitation, the transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether oral, written, telephonic, electronic, or otherwise.

7) As used herein, the term "person" is defined as any natural person or any business, legal or governmental entity, corporation or association.

8) As used herein, the term "possession" in relation to documents means documents that are in the possession, custody, or control of Plaintiff or Plaintiffs' agents or attorneys.

9) As used herein, the term "concerning" means relating to, referring to, describing, evidencing or constituting.

10) As used herein, the terms "all" and "each" shall be construed as all and each.

11) As used herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

12) As used herein, the use of the singular form of any words includes the plural and vice versa.

## INSTRUCTIONS

13) If any documents cannot be produced in full, produce them to the extent possible and specify the reasons for Plaintiff's inability to produce the remainder.

14) All documents are to be produced as kept in the ordinary course of business.

6

15)     For each document Plaintiff produces, please identify (a) the specific request to which the document is responsive, and (b) the location in which that document exists or was found by the Plaintiff.

16)     If any document described in any response to these document requests is no longer in Plaintiff's possession, custody, control, or care, state whether the document (a) is missing or lost, (b) has been destroyed, (c) has been transferred voluntarily or involuntarily to others, (d) has been otherwise disposed of or discarded, or (e) has been previously produced to Defendants in this action. In each situation, please state the facts surrounding such disposition, and identify the person or persons directing or authorizing that disposition, and the disposition date.

17)     Any information or documents responsive to these document requests that is not produced or disclosed by reason of a claim of privilege or work product, or for any other reason, shall be identified by (a) the date the document was created, (b) general subject matter, (c) identify of person(s) to whom the information, or any portion thereof, has been revealed, (d) identify of person(s) from whom the information was communicated, and (e) the basis upon which the information is being withheld.

18)     This is a continuing request for production of documents. Plaintiff shall furnish all information available to it as of the date of Plaintiff's responses hereto and shall supplement such responses as required by Rule 26(e) of the Federal Rules of Civil Procedure.

19)     Unless otherwise specified, the time period applicable to these requests is 2003 to the present.

20)     These Instructions incorporate by reference the rules of construction in Local Civil Rule 26. 3 of the Eastern District of New York.

7

21) Each Interrogatory and Document Request is to be answered fully by Plaintiffs and shall be preceded by the question to which it responds.

22) Whenever Plaintiffs are asked to "identify" a document, they are requested to provide the following information with respect to such document:

      a. the nature of the document, e.g., letter, memorandum, etc.;

      b. the identity of the person(s) who prepared the document;

      c. the identity of the person(s), if any, to whom the document was directed, addressed, sent or delivered;

      d. the date, if any, on which the document was created or revised;

      e. the present location of the document; and

      f. a summary of the contents of the document.

23) When asked to identify a document, Plaintiffs may attach a copy of the requested document to an Interrogatory answer in lieu of setting forth such identification.

24) Whenever Plaintiffs choose to attach, in accordance with Instruction (23) above, copies of documents to the answers to the Interrogatories, Plaintiffs should, in addition to providing copies of each document, provide the following information if it does not appear on the face of such document:

      a. the date of the document;

      b. the identity of the person(s) who prepared and/or signed the document; and

      c. the identity of each person who was an addressee or other recipient of the document.

25)     If any document identified or requested for production was at any time, but is not presently, in Plaintiffs' possession, custody or control, state with respect to each such document:

      a.  the identity of each author of the document;

      b.  the identity of each person who, to Plaintiffs' knowledge, information or belief, received, read or saw the document;

      c.  the date, if any, which the document bears;

      d.  a summary of the contents of the document;

      e.  the identity of the person in whose possession, custody or control the document is or mostly recently has been; and

      f.  if Plaintiffs believe that the document has been lost or destroyed, an explanation of the circumstances thereof, including the date and the identity of the person responsible for such destruction.

26)     Whenever Plaintiffs are asked to "identify" a natural person, the following information should be given:

      a.  the person's full name;

      b.  the person's title and business affiliation as of the time to which the answer relates;

      c.  the person's present title, if any; and

      d.  the person's home and business address.

27)     Whenever Plaintiffs are asked to "identify" a partnership, corporation, governmental department or agency, or other entity, the following information should be given:

      a.  the nature of such entity (e.g., corporation, proprietorship, etc.) and

        b.  its full name; and

        c.  the present or last known address of its principal officer.

28)     Unless otherwise indicated, the Interrogatories and Requests herein cover all documents generated or created at any time up to and including the date of Plaintiffs' responses to these Interrogatories and Requests. The Interrogatories and Requests shall be deemed to be continuing, and if documents are located, generated or created after the initial response or any subsequent response to these Interrogatories and Requests, then Plaintiffs shall identify such documents whether or not Defendants make new or renewed requests for such identification.

29)     If any claim of privilege is asserted in objecting to any Interrogatory or Request set forth herein and an answer is not provided on the basis of that assertion, provide the information required by Local Civil Rule 26.2.

30)     If Plaintiffs answer any Interrogatory set forth herein by reference to records from which the answer may be derived or ascertained, as permitted in Federal Rule of Civil Procedure 33(d), Plaintiffs shall comply with Local Civil Rule 33.1, including, without limitation, making any such document available for copying and inspection within ten (10) days from the date such answer is provided.

## INTERROGATORIES

31)     Identify all persons who possess knowledge of any facts relating to the allegations contained in the complaint, specifying the allegations as to which each witness has knowledge.

32)     Identify all transactions supporting Plaintiff's claim that Nikki Tricarico Inc. received in excess of five million dollars between September 2005 and October 2008 as alleged in paragraph 60 of the Complaint.

33) Identify all alleged defrauded Agape and AMA investors whose monies Plaintiff claims were transferred to Defendants, and specifically, how much monies related to each such individual and or entity.

34) Identify the dates, times and the means by which the transfers were made.

35) Identify any and all actions Plaintiff alleges Defendants committed in furtherance of the specified unlawful activity alleged in its Complaint.

36) Identify each of the "account representatives and others" referred to in Paragraphs 12,18,19,20,21,22,23,25,26,27,29,31,32,34,35,36 of the Complaint.

37) Identify all persons of whom Plaintiff is aware that claim to have had dealings with Defendant Massaro in connection with his employment at Agape, and identify the nature of those dealings.

38) Identify all "loans to particular borrowers" that Cosmo account representatives and others working at his directions told investors that Agape was making as referenced in paragraph 23 of the Complaint.

39) Identify the manner which "account representatives and others . . . induced investors to invest" as alleged in paragraph 25 of the Complaint.

40) Identify all evidence upon which Plaintiff relies to support its allegations in paragraph 29 of its Complaint that "account representatives and others working at [Cosmo's] direction knew, the rates of return promised to investors to induce them to invest significantly exceeded the interest rates Agape and AMA actually charged the bridge loan clients and merchants,[and] the interest on the loan extended by Agape and AMA could not possibly provide the Agape and AMA investors with the promised returns."

11

41)     Identify the account representatives and the amount of commissions paid to them as alleged in paragraph 33 of the Complaint.

42)     Identify the "account representatives and others" and the "materially false and fraudulent representations" to which each are alleged to have made and in which "correspondence and promotional materials for Agape and AMA", and to which "potential investors", they were mailed, as alleged in paragraph 34 of the Complaint.

43)     Identify the manner which transfers were made directly or indirectly into Agape or AMA accounts.

## REQUEST FOR PRODUCTION OF DOCUMENTS

44)     Any and all documents supporting Plaintiff's allegations in paragraph 29 of the Complaint that "account representatives and others working at [Cosmo's] direction knew, the rates of return promised to investors to induce them to invest significantly exceeded the interest rates Agape and AMA actually charged the bridge loan clients and merchants, [and] the interest on the loan extended by Agape and AMA could not possibly provide the Agape and AMA investors with the promised returns."

45)     Any and all documents Plaintiffs are aware of that Defendants prepared, handled supporting the preceding claims.

46)     Any and all checks or other documents reflecting payment from Agape or AMA accounts to Defendants' accounts.

47)     Any and all "fraudulent account records [] generated and mailed to investors" and documents identifying such investors as alleged in paragraph 32 of the Complaint.

12

48)     Any and all documents supporting Plaintiff's claim alleged in paragraph 33 that funds solicited were used for "paying commissions to his account representatives and their sub-brokers."

49)     Any and all documents supporting Plaintiff's claim that "All of the defendant funds are traceable to monies Agape and AMA received from investors."

50)     Any and all documents supporting Plaintiff's claim that the funds on deposit consisted exclusively of monies paid by Agape and AMA investors and subsequently were transferred to Defendants' accounts."

51)     All other documents supporting Plaintiff's allegations in the Complaint.


Dated: New York, New York
       January 31, 2012

                                Yours, etc.,
                                Joseph Tacopina

                       By:

                                Joseph Tacopina
                                Tacopina, Seigel, & Turano, P.C.
                                Attorneys for Defendant
                                275 Madison Avenue, 35th FL
                                New York, New York 10016
                                Phone: (212) 227-8877
                                Facsimile: (212) 619-1028